UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, LP, et al.<br><br>Defendants. | Civil Action No. 16-1971 (FLW)<br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court *sua sponte* based on Plaintiffs Kathy and Robinson Cao's ("Plaintiffs") repeated failure to comply with this Court's orders or otherwise participate in this matter. For the reasons set forth below, the Court recommends that Plaintiffs' claims be dismissed.

**I.   Background and Procedural History**

Plaintiffs filed the Complaint in this action in the Superior Court of New Jersey, and it was removed to this Court on April 8, 2016. (Docket Entry No. 1). This Court held an Initial Conference on May 31, 2016, and thereafter entered a scheduling order. (Docket Entry No. 4). The Court held a telephone conference on September 7, 2016, and again on November 15, 2016. (*See* Text Min. Entries of 9/7/2016 and 11/15/2016). On November 29, 2016, Plaintiffs' counsel advised the Court that Plaintiff Kathy Cao was undergoing medical treatment, and on December 6, 2016, the Court administratively terminated this matter pending an update on Plaintiff's treatment. (Docket Entry No. 13). On December 1, 2017, Plaintiffs filed a consent order requesting the case be reinstated, which the Court approved. (Docket Entry No. 19). The Court held a telephone conference on February 28, 2018, wherein the Court directed the parties to continue with efforts to obtain Plaintiff's medical records, and requested the parties submit a status update by

April 20, 2018. (*See* Text Min. Entry of 2/28/2018).

Over the next 7 months, the Court conducted telephone conferences to address the status of discovery, scheduling of independent medical examinations and discovery disputes. Specifically, the Court held a status conference on June 20, 2018, at which time the parties were directed to submit a status update regarding discovery issues and advise whether the matter was ripe for settlement by July 31, 2018. (*See* Text Min. Entry of 6/20/2018).  On August 12, 2018, the Court ordered Defendants to provide all outstanding discovery to Plaintiffs by August 23, 2018 and set a telephone conference for August 29, 2018. (Docket Entry No. 22).  During the telephone conference on August 29, 2018, the Court directed the parties to provide an update regarding discovery no later than September 28, 2018. (*See* Text Min. Entry of 8/29/2018).  On October 4, 2018, the Court advised that in light of the schedule for medical examinations of Plaintiff, the Court would conduct a telephone conference on December 14, 2018, at which time the Court set a schedule for the production of documents and set a telephone conference for January 28, 2019. (*See* Text Min. Entry of 12/14/2018).  The conference was then adjourned to February 5, 2019. (Docket Entry No. 24).

On February 5, 2019, the Court ordered that Plaintiffs were to produce their updated medical expert report and liability report by April 29, 2019, Defendants were to produce their responsive expert reports by June 7, 2019., and a telephone conference was et for May 7, 2019 and adjourned to May 14, 2019. (*See* Text Min. Entry of 2/5/2019; Docket Entry No. 27).  During this conference, the parties discussed settlement, and the Court directed the parties to provide an update regarding their discussion by May 24, 2019. (*See* Text Min. Entry of 5/14/2019).  A settlement conference was conducted by the Court on July 24, 2019. (Docket Entry No.  29).

When the settlement conference proved unsuccessful, the matter was referred to arbitration

and Gerard H. Hanson, Esq. was appointed as arbitrator. (Docket Entry Nos. 30, 31). On September 17, 2019, Gerard H. Hanson, Esq. submitted an arbitration award which was filed under seal. (Docket Entry No. 32). On October 16, 2019, Defendants filed a request for trial *de novo*. (Docket Entry No. 33). The Court set a status conference for October 28, 2019, directing the parties to report back to the Court by November 15, 2019. (Docket Entry No. 34; Text Min. Entry of 10/29/2019). During the telephone conference, Plaintiffs' counsel advised that he was having difficulty contacting the Plaintiffs. Counsel was afforded time to contact Plaintiffs. On February 14, 2020, Plaintiffs' counsel filed a motion to withdraw as counsel, instructing that Plaintiffs had fired him. (Docket Entry No. 35).

On February 18, 2020, this Court ordered Plaintiffs to advise by March 3, 2020 whether they objected to counsel being relieved, and if not, whether they would retain new counsel or proceed *pro se*. (Docket Entry No. 36). If the Plaintiffs intended to find new counsel, they were to do so by March 18, 2020. (*Id*.). On March 8, 2020, Plaintiff Kathy Cao's daughter contacted the Court, advising that Ms. Cao was ill and requesting an extension. Plaintiffs were then granted an extension until March 23, 2020 to advise whether they objected to counsel being relieved and if they intended to find new counsel or proceed *pro se*. (Docket Entry No. 38). Plaintiffs were afforded until April 6, 2020 to find new counsel. (*Id*.). Plaintiffs failed to contact the Court as instructed. Therefore, on April 7, 2020, the Court reached out to Plaintiffs via email regarding the status of their representation. No response was received. In light of the Standing Orders issued by the District Court in response to the COVID-19 health crisis, the Court extended the time for Plaintiffs' to respond to May 22, 2020. (Docket Entry No. 39).

Having had no communication from the Plaintiffs' since March 8, 2020, on June 1, 2020, the Court granted Plaintiffs' counsel's motion to withdraw. (Docket Entry No. 40). In the Order

granting the withdrawal, the Court directed Plaintiffs to contact the Court advising whether they intended to continue their participation in this matter. The Court noted that if the parties did not wish to continue participation in this case, they were to contact the Court by June 30, 2020 advising as such. (*Id.* at 2). The Court instructed Plaintiffs that failure to respond may result in sanctions, including the dismissal of Plaintiffs' Complaint. (*Id.*). Again, Plaintiffs failed to contact the Court.

On July 7, 2020, the Court issued an Order to Show Cause why, given Plaintiffs failure to comply with the Court's Order, this matter should not be dismissed. (Docket Entry No. 41). Plaintiffs were to submit their letter by July 24, 2020. (*Id.*). Again, Plaintiffs' failed to comply with this instruction. On September 30, 2020, Plaintiff Kathy Cao left a message on the Court's answering machine, asking for the Court to return her call. Chambers returned her call which went unanswered, and the voicemail box was not set up to leave a message. Plaintiffs have not contacted the Court since that date.

## II. Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d, 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of Plaintiffs' claims with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiffs' claims with prejudice:

1. **Plaintiffs' Personal Responsibility:** Despite being afforded ample opportunities, Plaintiffs have repeatedly failed to respond to this Court's communications. Such responsibility belongs to Plaintiffs alone. As such, the Court finds this factor weighs in favor of dismissal of Plaintiffs' claims with prejudice.

2. **Prejudice to Defendants:** Defendants have been prejudiced by Plaintiffs' failure to prosecute this matter and comply with this Court's Orders. By failing to communicate with the Court, Plaintiffs have abandoned their duty to prosecute this case and bring it to resolution. It is manifestly unjust that this case, which Plaintiffs initiated, has remained stagnant for several months due to Plaintiffs' refusal to advise the Court if they seek to continue their participation without counsel. Under these circumstances, Defendants cannot fairly defend this case. The Court finds that this prejudice, which was caused by Plaintiffs' failure to do that which was required of them, supports the

dismissal of Plaintiffs' claims with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Plaintiffs have history of dilatoriness. Extensive or repeated delay or delinquency constitutes a history of dilatoriness. *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863 (3d Cir. 1994). Plaintiffs have failed to respond to several communications from this Court. After many extensions from the original deadline of March 3, 2020, Plaintiffs were instructed to advise this Court by July 24, 2020 why It should not dismiss their claims for failing to advise whether they seek to continue participation in this case. They have not done so nearly three months later. Plaintiffs' history of dilatoriness supports the dismissal of this matter with prejudice.

4. **Willfulness or Bad Faith:** While the Court does not find that Plaintiffs have acted in bad faith, Plaintiffs' failure to prosecute this matter and comply with the Court's orders certainly establishes that Plaintiffs' conduct has been willful. As a result, this factor further supports the dismissal of Plaintiffs' claims with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that in light of Plaintiffs' record of unresponsiveness, there is no effective alternative sanction. Plaintiffs' claims cannot proceed without Plaintiffs' participation and as explained above, Plaintiffs have failed to participate. Moreover, Plaintiffs were explicitly forewarned that if they continued to disregard the Court's orders and not advise whether they would seek new counsel or continue in this matter *pro se*, they risked having this case dismissed. Under these circumstances, the Court finds that no lesser sanction than dismissal of Plaintiffs'

claims with prejudice would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the proceedings to date, the Court finds that there may be merit to Plaintiffs' claims. A claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense. *Poulis*, 747 F.2d at 869-870. As such, this factor militates against dismissing Plaintiff's claims with prejudice.

When the Court considers all of the *Poulis* factors set forth above, the Court finds that on balance they support the dismissal of Plaintiffs' claims with prejudice. Plaintiffs voluntarily filed this case. After several years of litigation, Plaintiffs have failed to take the steps necessary to move this case forward and allow it to come to a resolution. Despite being given every opportunity to litigate their claims, Plaintiffs have elected to not follow the Court's orders and effectively participate in the case. As a result, this Court respectfully recommends that Plaintiffs' claims be dismissed with prejudice.

## Conclusion

The Court having given consideration to the *Poulis* factors;

IT IS on this 15th day of October 2020,

RECOMMENDED that Plaintiff's claims be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that the Clerk of the Court send Plaintiffs a copy of this Report and Recommendation; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party, including Plaintiffs, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file specific written objections.

        s/Tonianne J. Bongiovanni
        **HONORABLE TONIANNE J. BONGIOVANNI**
        **UNITED STATES MAGISTRATE JUDGE**